Taizhu CUI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–5046–ag.

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Andy Wong (Jeffrey C. Bloom, on the brief), Flushing, NY, for Petitioner.

Zachary Cunha, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL, JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA") affirming a 6 decision by Immigration Judge ("IJ") Philip J. Montante denying petitioner's motion to reopen removal proceedings after a removal order was entered *in absentia.* *See In re Taizhu Cui,* No. A 78 386 167 (B.I.A. Aug. 25, 2004), *aff'g* No. A 78 386 167 (Immig. Ct. Buffalo Aug. 13, 2003). We assume the parties' familiarity with the facts and the procedural history of this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the BIA's underlying conclusions of law *de novo;* however, we defer to the BIA's interpretations of ambiguous statutory provisions unless those interpretations are "arbitrary, 15 capricious, or manifestly contrary to the statute." *Mardones v. McElroy,* 197 F.3d 619, 624 (2d Cir.1999) (quoting *Chevron, U.S.A., Inc. v. N.R.D. C.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). We review the decision to deny a motion to reopen removal proceedings for abuse of discretion. *See Maghradze v. Gonzales,* 462 F.3d 150, 152 (2d Cir.2006).

A removal order entered *in absentia* can be rescinded upon a motion to reopen "filed at any time" if the alien demonstrates that he did not receive notice of the removal proceedings in accordance with 8 U.S.C. § 1229(a). 8 C.F.R. § 1003.23(b)(4)(ii). Section 1229a(b)(5)(A) provides that written notice is sufficient if it was "provided at the most recent address provided" to the government by the alien.[1] 8 U.S.C. § 1229a(b)(5)(A).

---

1. Absent a showing of inadequate notice, a motion to reopen must be filed within 90 days of the order of removal, *see* 8 C.F.R. § 1003.23.(b)(1), or within 180 days if the

The IJ based his denial of petitioner's motion to reopen removal proceedings on his finding that *inter alia*, a Notice of Hearing had been sent to petitioner's last known mailing address. The BIA 28 affirmed by written opinion, noting that "notice of the March 28, 2001, hearing was sent to [petitioner] at the address he had provided only one week earlier upon his release from immigration custody" and that the notice "was returned stamped 'no such number'." The BIA's opinion further states that petitioner had previously been served with a Notice to Appear ("NTA"), and that he received oral notice in Chinese of his obligations to provide his correct address. The BIA concluded that "it was the respondent's responsibility to provide an address where he could be contacted for immigration purposes." [2]

Petitioner claims on appeal that the BIA and the IJ erred in denying his motion as untimely.[3] He argues, in particular, that the notice was defective because (1) the NTA, which petitioner received while in INS custody, did not specify the time and date of his removal hearing; and (2) petitioner "could hardly understand" the translator who explained the NTA because the translator spoke "substandard Mandarin with a strong Cantonese accent."

We conclude that the BIA did not abuse its discretion in denying petitioner's motion to reopen his removal proceedings. We recently addressed the issue of notice of *in absentia* removal proceedings in *Maghradze*, 462 F.3d at 150. In that case, as in the instant case, the petitioner received an NTA that did not specify a date or time for his removal hearing. As in the instant case, the immigration court subsequently mailed a Notice of Hearing to the address provided by the petitioner, and the Notice was returned as undeliverable. We affirmed the agency's denial of petitioner's motion to reopen his removal proceedings. In particular, we deferred to the agency's conclusion that the petitioner had constructively "receive[d] notice" under 8 U.S.C. § 1229(a)(1)(F)(ii). *See Maghradze*, 462 F.3d at 154–55.

Pursuant to our holding in *Maghradze*, we conclude that the petitioner received adequate notice of his removal hearing. Although petitioner raises an additional argument not considered by the Court in *Maghradze*—i.e., that his notice was inadequate because the translator did not effectively communicate in petitioner's dialect—this argument is without merit. Petitioner did not argue, either before the BIA or before this Court, that he was unaware of the requirement to submit his correct mailing address to immigration officials. Nor did he argue that his alleged difficulties in understanding the translator led him to provide the invalid address he gave to the government. Section 1229(a)(1) requires only that the government provide *"written* notice" of the address requirement and of the consequences of non-compliance. 8 U.S.C. § 1229(a)(1) (emphasis added). Accordingly, because the record confirms that petitioner (1) received notice in the form of a written NTA, and (2)

---

alien demonstrates exceptional circumstances, *see* 8 C.F.R. § 1003.23(b)(4)(ii).

**2.** Petitioner raised an ineffective assistance of counsel claim in his brief before the BIA but does not raise it in his brief to this Court. Accordingly, the claim is waived for the purposes of this appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

**3.** In his brief, petitioner raises an additional claim—namely that "defective notice is a jurisdictional bar rendering an IJ powerless to issue an order of removal," Petitioner's Br. at 16. Because petitioner raises this jurisdictional claim for the first time on appeal, the claim is unexhausted and we do not consider it. *See* 8 U.S.C. § 1252(d)(1).

provided an address to which delivery of a Notice of Hearing was later attempted, we conclude the BIA did not abuse its discretion in denying petitioner's motion to reopen his removal proceedings.

Petitioner's claim that the IJ violated petitioner's Fifth Amendment Due process rights is without merit. The IJ did err insofar as he found that petitioner "failed to file a 'sworn' affidavit in support of his motion to reopen" as required by 8 C.F.R. § 3.2(c)(1). Petitioner submitted a sworn affidavit to the IJ when he filed his motion to reopen his removal proceedings. Nevertheless, this error did not amount to a violation of due process, and a remand in this case would be futile. In particular, it is "clear that the agency would adhere to its prior decision in the absence of [this] error," *Xiao Ji Chen v. U.S. Dept. of Justice*, 434 F.3d 144, 161 (2d Cir.2006), because the agency's properly-reached conclusion that petitioner received adequate notice is confirmed by the full record. Accordingly, we conclude that the BIA properly denied petitioner's motion to reopen his removal proceedings.

## CONCLUSION

We have considered petitioner's remaining claims and find them to be without merit. Accordingly, the petition for review is **DENIED.** Petitioner's motion for stay of removal is also **DENIED.**